UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CONNIE TILLEY; and KERMIT TILLEY,
Individually and as Legal
Guardians and Next Friends of
SHANNON DALTON ADKINS, an Infant,

      Plaintiffs

v.                         Civil Action No. 2:08-0061

HEALTH MANAGEMENT ASSOCIATES OF
WEST VIRGINIA, INC., doing
business as Williamson Memorial
Hospital; JAMIE C. BATAUSA, M.D.;
and LEO J. PAJARILLO, M.D.,

      Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

      Pending is the plaintiffs' motion to maintain the confidentiality of the settlement agreement, filed October 23, 2009.

I.

      The plaintiff filed a petition on October 23, 2009, seeking court approval of the settlement of this personal injury and medical malpractice action involving a minor.  The petition indicates that the settlement is confidential and does not disclose the amount of the settlement.  (Petition ¶ 9).  The

petition further provides that the amount of the settlement is set forth in the confidential summary of settlement agreement filed separately with the court.  (<u>Id.</u>).  The petition proposes to place the settlement amount in a special needs trust.  In the petition, plaintiffs identify $61,734.59 in "past medical expenses for the treatment and care of the infant related to the injury," $18,976.99 in Medicaid liens, and $97,046.34 in litigation expenses.  Plaintiffs' petition, however, omits the settlement amount, attorney's fees, and details of the distribution of the settlement with respect to the stated expenses and liens.

As grounds for plaintiffs' motion to seal the summary of settlement agreement, the plaintiffs state that (1) confidentiality of the settlement amount was a term of the parties' settlement, and (2) it is consistent with Rule 5.2 of the Federal Rules of Civil Procedure.  (Mot. 2-3).

II.

Considering the plaintiffs' motion concerning the confidentiality of the settlement summary, the court notes initially that "[p]ublicity of [court] . . . records . . . is

2

necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000).  The right of public access to court documents derives from two separate sources: the common law and the First Amendment.  The common law right affords presumptive access to all judicial records and documents.  Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).  Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).  Quoting Knight, our court of appeals observed recently as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235).

        The First Amendment right of access has a more limited scope than the common law right, having only "been extended . . .

3

to particular judicial records and documents." <u>Stone</u>, 855 F.2d
at 180.  The First Amendment right of access attaches if: (1)
"the place and process have historically been open to the press
and general public"; and (2) "public access plays a significant
positive role in the functioning of the particular process in
question." <u>Press- Enterprise Co. v. Superior Court</u>, 478 U.S. 1,
8-9 (1986) (quoted in <u>The Baltimore Sun Co. v. Goetz</u>, 886 F.2d
60, 64 (4th Cir. 1989)).

        The First Amendment right of access, however, provides
much greater protection to the public's right to know than the
common law right.  To avoid disclosure under the First Amendment
right of access, the movant must show "the denial [of access] is
necessitated by a compelling governmental interest, and is
narrowly tailored to serve that interest." <u>Globe Newspaper Co.
v. Superior Court</u>, 457 U.S. 596, 606-07 (1982); <u>Press-Enterprise
Co.</u>, 478 U.S. at 15; <u>Virginia</u>, 386 F.3d at 573; <u>Stone</u>, 855 F.2d
at 180.

        The United States Court of Appeals for the Fourth
Circuit has further observed that:

    Regardless of whether the right of access arises from
    the First Amendment or the common law, it "may be
    abrogated <u>only in unusual circumstances</u>."  When
    presented with a request to seal judicial records or
    documents, a district court must comply with certain

                                4

substantive and procedural requirements.  As to the
substance, the district court first "must determine the
source of the right of access with respect to each
document," because "[o]nly then can it accurately weigh
the competing interests at stake."

<u>Virginia</u>, 386 F.3d at 576 (citations omitted) (emphasis

supplied).

        Regarding procedures for handling sealing requests, our

court of appeals has noted:

First, the judicial officer must "state the reasons for
[her] decision to seal supported by <u>specific findings</u>."
"The judicial officer may explicitly adopt the facts
that the government presents to justify sealing⋯ [b]ut
the decision to seal must be made by the judicial
officer."  Second, "the judicial officer <u>must consider
alternatives</u> to sealing the documents. This ordinarily
involves <u>disclosing some of the documents or giving
access to a redacted version</u>."  Third, a judicial
officer must give notice to the public by docketing the
order sealing the documents. All of these procedures
"must be followed when a [judicial officer] seals
judicial records or documents."

<u>Media General Operations, Inc. v. Buchanan</u>, 417 F.3d 424, 435

(4th Cir. 2005) (emphasis supplied) (citations omitted).

        Of considerable importance here is the allocation of

the burden to support a sealing request, which rests on the

movant regardless of whether the common law or First Amendment

rights of access are in issue:

The common law presumes a right of the public to
inspect and copy "all 'judicial records and
documents.'" "This presumption of access, however, can

be rebutted if countervailing interests <u>heavily</u>
<u>outweigh the public interests in access</u>," and "[t]he
party seeking to overcome the presumption bears the
burden of showing some <u>significant interest</u> that
outweighs the presumption." . . .

The burden to overcome a First Amendment right of
access rests on the party seeking to restrict access,
and that party must present <u>specific reasons in support</u>
<u>of its position</u>. See <u>Press-Enterprise Co. v. Superior</u>
<u>Court</u>, 478 U.S.1, 15 (1986) ("The First Amendment right
of access cannot be overcome by [a] conclusory
assertion").

<u>Virginia</u>, 386 F.3d at 575 (some citations omitted).


III.


It matters not whether the plaintiffs' request is
subject to the less rigorous common law standard or the more
rigorous First Amendment standard, for in this case the
plaintiffs have failed even to set forth significant competing
interests sufficient to heavily outweigh the public's right of
access and overcome the presumption of access to all judicial
records and documents under the common law.  As earlier noted,
the Fourth Circuit has held that the right of access "may be
abrogated only in unusual circumstances" regardless of whether
the right of access arises from the First Amendment or the common
law.  <u>Virginia</u>, 386 F.3d at 576.  The court sees no unusual
circumstances presented by the defendants in this case warranting

6

the need for secrecy.

Plaintiffs, in their motion, cite the Federal Rules of Civil Procedure Rule 5.2, which allows for the redaction of certain information in filings that contain the name of a minor. Specifically, the rule states that the filing party may redact all identification of the minor except the following:

(1) the last four digits of the social-security number and taxpayer-identification number;

(2) the year of the individual's birth;

(3) the minor's initials; and

(4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2.

The scope of Rule 5.2 does not cover the terms of the settlement agreement plaintiff wishes to seal.  Further, the amount of the settlement goes to the heart of the petition inasmuch as the court is being asked to approve the amount of the settlement and its distribution.  Without access to this information, the public has no means of judging the product of the court in this case.

IV.


Accordingly, it is ORDERED that the plaintiffs' motion to maintain the confidentiality of the settlement amount be, and it hereby is, denied.


The plaintiff is directed to file an amended petition in keeping herewith.


The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: November 3, 2009

John T. Copenhaver, Jr.
United States District Judge